UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| ROBERT SNEED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO:   3:16-CV-230 |
| | ) |
| INDUSTRIAL | ) |
| CONTRACTORS SKANSKA, INC. | ) |
| | ) |
| Defendant. | ) |

COMPLAINT AND DEMAND FOR JURY TRIAL

I. NATURE OF THE CASE

1. This is an action brought by Plaintiff, Robert Sneed ("Sneed"), by counsel, against Defendant, Industrial Contractors Skanska, Inc. ("Defendant"), for its discriminatory actions against him based on his disability, in violation of the American with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 et. seq.

II. PARTIES

2. Sneed is a resident of the Commonwealth of Kentucky.

3. Defendant is a corporation which, at all times relevant to this action, conducted business within the geographical environs of the Southern District of Indiana.

III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; and 42 U.S.C. § 12117.

5. Defendant is an "employer" as defined by 42 U.S.C. § 12111(5)(A).

6. Sneed is a qualified individual with a disability as that term is defined by the ADA, 42 U.S.C. § 12102(2)(c). At all relevant times, Defendant had knowledge of Sneed's disability and/or it regarded Sneed as being disabled and/or Sneed has a record of being disabled.

7. Sneed exhausted his administrative remedies by timely filing a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission, claiming discrimination based on disability, and files this complaint within ninety (90) days of receipt of his Notice of Right to Sue.

8. All events, transactions, and occurrences concerning this case having arisen in the geographical environs of the Southern District of Indiana, venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

9. Sneed began working for the Defendant on or about October 27, 2015 as a Laborer. At all times relevant, he met and/or exceeded Defendant's legitimate performance expectations.

10. Sneed is disabled within the meaning of the Americans with Disabilities Act as Amended ("ADAA"). He is substantially limited in his major life activities of hearing. At all times relevant, Defendant was aware of Sneed's disability and/or it regarded Sneed as disabled. Sneed could perform the essential functions of his position with or without reasonable accommodation.

11. On or about November 5, 2015, Plaintiff's supervisor, Ronnie Bealmear made negative comments about Sneed's hearing impairment to Scott Hallbeck.

12. On the same day Bealmear laid off Sneed. Bealmear informed Sneed that he was laying off Sneed because he was deaf. Sneed was the only laborer who was laid off.

13. Defendant terminated Sneed's employment due to his disability.

## V. LEGAL ALLEGATIONS

### COUNT I-VIOLATION OF THE ADA - DISCRIMINATION

14. Paragraphs one (1) through thirteen (13) of Sneed's Complaint are hereby incorporated.

15. Defendant violated Sneed's rights as protected by the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. by failing to engage in the interactive process, failing to accommodate Sneed's disability, and terminating Sneed because of his real or perceived disability.

16. Defendant's actions were intentional, willful and in reckless disregard of Redman's rights as protected by the ADA.

17. Sneed has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Robert Sneed, by counsel, respectfully requests that this Court find for Plaintiff and order Defendant to:

1. Reinstate Plaintiff to the position, salary and seniority level he would have enjoyed but for Defendant's unlawful employment actions, or award him front pay in lieu thereof;

2. Pay Plaintiff's lost wages and benefits;

3. Pay to Plaintiff compensatory damages, including lost future earning capacity, and punitive damages;

4. Pay to Plaintiff pre- and post-judgment interest;

5. Pay Plaintiff's costs and attorney fees incurred in litigating this action; and,

6. Provide any further equitable relief this Court sees fit to grant.

Respectfully submitted,

/s Lauren E. Berger
Kyle F. Biesecker, Attorney No. 24095-49
Lauren E. Berger, Attorney No. 29826-19
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424-1000
Facsimile: (812) 424-1005
Email: kfb@bdlegal.com
         lberger@bdlegal.com

*Attorney for Plaintiff, Robert Sneed*

## DEMAND FOR JURY TRIAL

The Plaintiff, Robert Sneed, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

/s Lauren E. Berger
Kyle F. Biesecker, Attorney No. 24095-49
Lauren E. Berger, Attorney No. 29826-19
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424-1000
Facsimile:  (812) 424-1005
Email: kfb@bdlegal.com
       lberger@bdlegal.com

*Attorney for Plaintiff, Robert Sneed*